UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LARRY RAMSEY, | ) |
| Plaintiff, | ) Civil Action No. 5: 15-117-DCR |
| V. | ) |
| STEVE HANEY, Warden, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Larry Ramsey is an inmate confined by the Kentucky Department of Corrections ("KDOC") at the Blackburn Correctional Complex ("BCC") in Lexington, Kentucky. In April 2015, Ramsey filed a *pro se* Complaint [Record No. 1; as amended, Record No. 8] challenging specific conditions of his confinement at the BCC.

Ramsey alleges that between June 2014 and March 2015, Defendants Steve Haney, Warden of the BCC, and Angela Clifford, M.D. (identified as a member of BCC's medical staff), were deliberately indifferent to his serious medical needs, denied him proper medical care, and violated his rights guaranteed under the Eighth Amendment of the United States Constitution. Ramsey also alleges that the defendants denied him due process of law in violation of his rights guaranteed under the Fourteenth Amendment of the United States Constitution, as applied to state action. Because Ramsey asserts claims against government officials and has been granted *in forma pauperis* status in this action, the Court conducts a preliminary review of Ramsey's Complaint as required by 28 U.S.C. §§ 1915(e)(2)(B),

1915A.  These statutes require a district court to dismiss any civil claims which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.

However, because Ramsey is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  For the reasons discussed below, the Court will allow Ramsey's Eighth Amendment medical claims against the defendants to proceed, but will dismiss his Fourteenth Amendment claims alleging the denial of due process of law.

## I.

Ramsey alleges that on June 17, 2014, he ruptured a hernia in his groin area while removing an air conditioner unit from a window at BCC.  [Record No. 1, p. 2]  He further asserts that between July 8, 2014 and April 2015, the defendants denied him necessary medical treatment and/or caused needless delays in the treatment of his hernia condition in violation of his Eighth Amendment rights.  [*Id*.]  Specifically, Ramsey alleges that on September 16, 2014, he sent a letter to BCC Warden Steve Haney stating that he had not received proper medical treatment for his hernia condition, and that he needed to be evaluated by a licensed surgeon.  [*Id*.]  Ramsey states that he also informed Haney through this letter that he had filed numerous grievances about the alleged denial of medical treatment, but that he had not received a proper response.  [*Id*.]  Ramsey alleges that he did not receive a response from Haney, and that Haney's failure to respond constituted deliberate indifference to his serious medical needs, and a violation of his Eighth Amendment rights.  [*Id*., pp. 2-3]

Ramsey next claims that, after undergoing hernia surgery at the University of Kentucky Hospital on March 4, 2015, he "never received his prescribed medication but was given an alternative approved by Dr. Angela Clifford, M.D." [1] [*Id.*, p. 2] Ramsey alleges that Clifford violated his Eighth Amendment rights by "ignoring his serious medical needs and depriving him of prescribed medication." [*Id.*, p. 3]

Ramsey further contends that, between June 2014, and July 2015, he filed a series administrative grievances complaining about the alleged delay and/or denial of proper medical treatment, and about the lack of response(s) to his grievances. [*Id.*; *see also*, Record No. 8, p. 2.] Ramsey claims that the defendants either ignored or denied his grievances in violation of his Fourteenth Amendment right to due process of law. [*Id.*] Finally, in his July 16, 2015 supplemental filing [Record No. 8], Ramsey alleges that the BCC staff delayed the payment of the $7.28 initial partial filing fee assessed in the Payment Order entered May 28, 2015 [Record No. 5].

Ramsey seeks nominal, compensatory, and punitive damages from the defendants in their official and individual capacities; a permanent and preliminary injunction requiring Defendant Angela Clifford "to follow all aftercare instruction given by another physician;" a trial by jury; and any other relief to which he is entitled. [Record No. 1, p. 3]

**II.**

The constitutional claims against the defendants in their official capacities are barred by the Eleventh Amendment of the United States Constitution. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Doe v. Wigginton*, 21 F.3d 733, 736–37 (6th

---

1   Ramsey seems to suggest that Dr. Clifford administered a medication to him that was inferior to the medication which the attending physician at the University of Kentucky Hospital prescribed.

Cir. 1994). "'[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.'" *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009) (quoting *Scott v. O'Grady*, 975 F.3d 366, 369 (7th Cir. 1992)). The Commonwealth of Kentucky has not waived its Eleventh Amendment immunity with respect to Ramsey's alleged constitutional torts. *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013); *Daleure v. Comm. of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Therefore, all of the constitutional claims against the defendants in their official capacities will be dismissed for failure to state a claim upon which relief can be granted.

The Court now turns to the constitutional claims which Ramsey asserts against the defendants in their individual capacities. To the extent that Ramsey contends that the defendants improperly denied his administrative grievances, and thus denied him due process of law in violation of his Fourteenth Amendment rights, he fails to state a claim upon which relief can be granted. The mere denial of prisoner grievances by supervisory or higher-ranking administrative officials is insufficient personal involvement for imposing constitutional liability under § 1983. *See Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, at *3 (6th Cir. June 14, 2000) (unpublished table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729

(8th Cir. 1991). Accordingly, Ramsey's Fourteenth Amendment due process claims against the defendants in their individual capacities will be dismissed for failure to state a claim upon which relief can be granted.

Ramsey's Eighth Amendment claims against the defendants alleging either the denial of, or the unnecessary delay in providing, medical treatment require further development. Thus, the defendants will be required to respond to Ramsey's Eighth Amendment claims alleging the delay in, or the denial of, necessary medical treatment.

Finally, to the extent that Ramsey complains about the BCC's alleged delay in remitting the $7.28 initial partial filing fee, he is advised that the Clerk of the Court received the $7.28 initial partial filing fee on June 29, 2015, according to the Court's financial records. Therefore, Ramsey's concerns on that issue are moot.

### III.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Larry Ramsey's Eighth and Fourteenth Amendment claims against Defendants Steve Haney, Warden of the BCC, and Dr. Angela Clifford, of the BCC Medical Staff, in their official capacities, are **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall indicate on the CM/ECF cover sheet that all constitutional claims against Defendants Steve Haney, Warden of the BCC, and Dr. Angela Clifford, of the BCC Medical Staff, in their official capacities, are **TERMINATED**.

3. Ramsey's Fourteenth Amendment claims related to the BCC grievance process, which he asserts against Defendants Steve Haney and Dr. Angela Clifford in their individual capacities, are **DISMISSED WITH PREJUDICE**.

4.     Ramsey's Eighth Amendment claims alleging the delay in or the denial of necessary medical treatment against Defendants Steve Haney and Dr. Angela Clifford in their individual capacities **SHALL PROCEED**, and Defendants Steve Haney and Dr. Angela Clifford must **RESPOND** to Ramsey's Eighth Amendment claims.

5.     The Clerk of the Court shall forward by certified mail, return receipt requested, one copy of the Complaint [Record No. 1]; one copy of Ramey's July 16, 2015, letter [Record No. 8]; and a copy of this Memorandum Opinion and Order to the KDOC, Office of Legal Services, 275 East Main Street, P. O. Box 2400, Frankfort, Kentucky 40602-2400.  The KDOC shall have twenty (20) days from the date on which it is served with this Order to complete and file a notice of waiver of service as to the defendants who have been ordered to respond to Ramsey's Complaint.  If the counsel for the KDOC does not file a waiver within twenty (20) days of the date on which it is served with this Order, the Court will enter another order directing the United States Marshals Service to **personally** effectuate service of process on the defendants in full compliance with Federal Rule of Civil Procedure 4, and the defendants will be required to file an answer no later than 20 days after being personally served with process.

6.     If the counsel for the KDOC files a waiver within 20 days of the date on which it is served with a copy of this Order, the defendants' Answer(s) to the Complaint shall be filed no later than sixty (60) days after the notice of waiver of service is filed.

7.     Ramsey shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any change of address may result in dismissal of this case**.

8.	With every notice or motion filed with the Court, Ramsey *must* (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done.  **The Court will disregard any notice or motion which does not include this certification.**

This 26th day of August, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge