UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LARRY RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-117-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEVE HANEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Larry Ramsey, an inmate confined at Blackburn Correctional Complex in Lexington, Kentucky, has filed a Complaint under 42 U.S.C. § 1983, alleging that Defendants Steve Haney and Dr. Angela Clifford violated his federal constitutional rights. [Record No. 1]  Specifically, Ramsey asserted an Eighth Amendment Cruel and Unusual Punishment claim and a Fourteenth Amendment Due Process claim against the defendants in their official and individual capacities. [*Id.*, p. 3]  The due process claim has been dismissed. [Record No. 9, p. 5]  Further, the Eighth Amendment claim was dismissed with respect to the defendants in their official capacities. [*Id.*]  On September 24, 2015, Defendant Haney moved to dismiss the remaining Eighth Amendment claim asserted against him in his individual capacity. [Record No. 12]

Haney's motion was referred to a United States Magistrate Judge for review and issuance of a report under 28 U.S.C. § 636(b)(1)(B).  After reviewing a response from Ramsey and a reply from Haney, United States Magistrate Judge Robert E. Wier issued a

report, recommending that Haney's motion to dismiss be granted. [Record No. 20] Ramsey failed to file objections to the Recommended Disposition within the time allotted.

## I.

While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986).

Here, Ramsey has not filed objections to the Recommended Disposition, and the time to do so has expired. Nevertheless, having fully considered the record, and having considered the motion *de novo*, the Court agrees with the magistrate judge's analysis and conclusions concerning the issues raised by Haney's motion to dismiss.

## II.

Ramsey alleges that he "ruptured a hernia in his groin area while removing an air condition unit from a window" during the course of his maintenance duties at Blackburn Correctional Complex on June 17, 2014. [Record No. 1, p. 2] On July 8, 2014, a nurse provided Ramsey with a hernia belt and put him on lifting restrictions. [*Id.*] Due to continuing pain, Ramsey sought aid from the medical staff and filed grievances. [*Id.*] He

claims that the institution "broke several grievance policies" regarding committee member selection. [*Id.*] Additionally, Ramsey requested surgery for his hernia during that time. [*Id.*]

On September 16, 2014, the plaintiff mailed Warden Haney a letter concerning his hernia and the improper treatment he believed he was receiving. [Record No. 1, p. 2] He also informed Haney of his grievance letters. Ramsey did not receive a response from the warden. [*Id.*]

On February 24, 2015, a physician at the University of Kentucky evaluated Ramsey's hernia, concluding that surgery was necessary. [*Id.*] This surgery was conducted on March 4, 2015. [*Id.*] Because Ramsey continued to experience pain, he requested to see medical staff on March 7, 2015. He was "instructed to walk to the yard security office," but was unable to do so. [*Id.*] Three hours later, officers drove Ramsey to see medical staff. Ramsey contends that Dr. Angela Clifford gave him an alternative medication from the one he was prescribed by the University of Kentucky physician. [*Id.*]

As a result of these events, Ramsey argues that Warden Haney and Dr. Clifford displayed deliberate indifference by ignoring his medical needs. [Record No. 1, p. 3] Thus, he claims that the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment. U.S. CONST. amend. VIII. Moreover, Ramsey claims that the defendants violated his due process rights. U.S. CONST. amend. XIV, § 1. [*Id.*] Consequently, he requests declarative and injunctive relief, as well as damages. [*Id.*]

The Court dismissed the plaintiff's Eighth and Fourteenth Amendment claims against the defendants in their official capacities following initial screening conducted pursuant to 28 U.S.C. § 1915(e).. [Record No. 9, p. 5] It further dismissed Ramsey's Fourteenth

Amendment claims related to the grievance process. [*Id.*] At that point, Ramsey's Eighth Amendment claims against both defendants in their individual capacities remained; however, Ramsey failed to properly serve Dr. Clifford, so his claim against her will be dismissed.[1] [*See* Record No. 14.]

The present motion to dismiss was filed on September 24, 2015. [Record No. 12] In this motion, Haney contends that Ramsey fails to allege facts that amount to deliberate indifference, requiring dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*Id.*, pp. 2–7] In addition, the defendant asserts that Ramsey's supervisory claims are improperly premised on the theory of *respondeat superior*. [*Id.*, p. 8] Finally, he claims entitlement to qualified immunity. [*Id.*, pp. 8–10]

### III.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the [moving party] pleads factual content that allows the court to draw the reasonable inference that the [nonmoving party] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the moving

---

[1] the Court directed Ramsey to provide a current address for Dr. Clifford by November 12, 2015, subject to dismissal for non-compliance. [Record No. 14] Ramsey failed to comply with that Order because he subsequently provided the same address that appeared in his Complaint, other than the additional term "Medical Department." [*Compare* Record No. 1-2, *with* Record No. 15, p. 3.]

party's "obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). However, a *pro se* inmate's complaint is liberally construed.[2] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

### A. Eighth Amendment Claim

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states. *Robinson v. California*, 370 U.S. 660, 675 (1962). It obligates the states "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

An Eighth Amendment deliberate indifference claim has both an objective and a subjective component.[3] *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). First, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* at 703 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Next, "the plaintiff must allege facts which,

---

[2] The plaintiff did not request appointment of counsel in his Complaint; however, counsel was requested in Ramsey's response to the defendant's motion to dismiss. [Record No. 15, p. 1] "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (internal quotation marks omitted). In the present case, the issues Ramsey and Haney raise are clear and can be determined from the record. As a result, there is no need for counsel at this stage of the proceedings.

[3] Ramsey also asserts in his Complaint that Haney "administered cruel and unusual punishment for the severe pain he endured." [Record No. 1, p. 3] Because Ramsey's factual allegations only address Haney's omissions, he fails to state a claim that Haney directly inflicted cruel and unusual punishment on him. *See* Fed. R. Civ. P. 12(b)(6). The magistrate judge dealt at length with this issue. [Record No. 20, pp. 7–11] Rather, Ramsey's facts suggest only a "deliberate indifference" theory. Therefore, the Court has focused on that theory.

if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703 (citing *Farmer*, 511 U.S. at 837).

For the first prong, a medical need is "sufficiently serious" when a doctor has diagnosed the need for treatment or when the need would be obvious to a lay person. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). For the second prong, the inmate must demonstrate that the defendant's deliberate indifference "unnecessarily and wantonly inflict[ed] pain" upon him. *Perez v. Oakland Cnty.*, 466 F.3d 416, 423 (6th Cir. 2006). This is satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[C]ourts may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 553 (6th Cir. 2014) (internal quotation marks and citation omitted). But the Sixth Circuit disfavors disputes over the adequacy of treatment where the inmate has received medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Further, a "§ 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (internal quotation marks and citation omitted). "[F]ailure to act [i]s not a sufficient basis for liability." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). However, where a defendant abandons the "specific duties of his position . . . in the face of actual knowledge of a breakdown in the proper workings of the department," his failure to act may constitute deliberate indifference.

- 6 -

*Hill v. Marshall*, 962 F.2d 1209, 1214 (6th Cir. 1992). In *Hill*, the defendant was the Deputy Superintendent of Treatment at the institution, and he was responsible for reviewing and responding to inmates' complaints about medical needs. *Id.* at 1210, 1213. The court determined that he could be held liable for referring inmates' complaints to the head nurse, "the very person whom he knew to be wrongly altering and destroying some of the inmates' prescriptions." *Id.* at 1213.

Here, Ramsey demonstrates that his medical need was "sufficiently serious" because the University of Kentucky physician recommended and performed surgery due to his hernia. *See Comstock*, 273 F.3d at 703. [Record No. 1, p. 2] However, the magistrate judge properly concluded that the plaintiff's Eighth Amendment claim fails under the second prong. *See id.* [Record No. 20, p. 7] Ramsey does not allege that Haney encouraged medical staff to ignore Ramsey's needs or that he directly participated in any medical decisions. *See Colvin*, 605 F.3d at 292.

Instead, Ramsey contends that Haney was deliberately indifferent by failing to act. *See Leach*, 891 F.2d at 1246. Because Ramsey does not claim that Haney had "actual knowledge of a breakdown in the proper workings" of the medical department at Blackburn Correctional Complex, he cannot be held liable for his failure to act. *See Hill*, 962 F.2d at 1214. Further, Ramsey does not argue that the warden's specific duties included involvement with particular medical decisions at the institution. *See id.*

Additionally, Ramsey does not allege facts from which Haney could have inferred that there was a substantial risk of harm to Ramsey. *See Comstock*, 273 F.3d at 702. Ramsey does not detail the information he provided in his letter to the warden. Moreover,

because he informed Haney that he was receiving medical treatment for the hernia, there was "significant evidence of a pattern of constant attention" to his medical needs. *See Banks v. Hiland*, No. 5:12-CV-197-TBR, 2014 WL 4365223, at *4 (W.D. Ky. Sept. 2, 2014). Thus, as noted by the magistrate judge, Ramsey fails to plead sufficient facts for a deliberate indifference claim against Haney. [Record No. 20, p. 10]

### B. Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There is a two-pronged test for qualified immunity. First, the Court determines if the plaintiff's facts establish the violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Second, the Court asks whether the constitutional right was "clearly established" at the time of the alleged violation. *Id.*

Under the analysis outlined above, Ramsey's allegations do not establish the violation of a constitutional right. *See Pearson*, 555 U.S. at 232. Further, the constitutional right at issue was not clearly established at the time of the alleged violation. *See id.* The magistrate judge properly reasoned that it would not have been clear to a reasonable warden that failing to respond to an inmate's letter when the inmate was receiving treatment violated the law. *See, e.g.*, *Westlake*, 537 F.2d at 860 n.5. [Record No. 20, p. 14 n.14] Therefore, qualified immunity shields Warden Haney from liability for Ramsey's remaining § 1983 claim.

Magistrate Judge Wier properly concluded that Ramsey fails to state a claim that Haney inflicted cruel and unusual punishment upon him or that Haney was deliberately indifferent to his medical needs.  Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 20] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Steve Haney's motion to dismiss [Record No. 12] is **GRANTED**.

3. Plaintiff Larry Ramsey's Eighth Amendment claim against Defendant Steve Haney in his individual capacity is **DISMISSED**, with prejudice.

4. The plaintiff's Eighth Amendment claim against Defendant Dr. Angela Clifford in her individual capacity is **DISMISSED**, without prejudice.

5. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 29th day of February, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge